# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**GARY L. LUCAS,**

      **Plaintiff,**

**vs.**                                  **Case No. 4:18cv286-RH/CAS**

**MARK S. INCH,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a former prisoner who brought this case pro se, filed an amended § 1983 civil rights complaint against the Secretary of the Florida Department of Corrections.  ECF No. 7.  The complaint is brought against the Defendant in her official capacity only.  *Id.* at 1.  Service was directed, ECF No. 8, and Defendant[1] filed a motion to dismiss.  ECF No. 15.  Plaintiff has filed his opposition to that motion, ECF No. 19, and the motion is ready for a ruling.

---

[1] At the time of service, Julie L. Jones was the Secretary of the Department of Corrections.  ECF No.  8.  Subsequently, Mark S. Inch became the Secretary and substitution was ordered pursuant to Federal Rule of Civil Procedure 25(d).  ECF No. 14.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); see also Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement,"

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

and "asks for more than a sheer possibility that a defendant has acted

unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556).  A

complaint that "pleads facts that are 'merely consistent with' a defendant's

liability," falls "short of the line between possibility and plausibility." Iqbal,

129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

   The pleading standard is not heightened, but flexible, in line with Rule

8's command to simply give fair notice to the defendant of the plaintiff's

claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534

U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified

pleading standard applies to all civil actions, with limited exceptions.").  Pro

se complaints are held to less stringent standards than those drafted by an

attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing

Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d

652 (1972)).  Nevertheless, a complaint must provide sufficient notice of

the claim and the grounds upon which it rests so that a "largely groundless

claim" does not proceed through discovery and "take up the time of a

number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544

U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly,

550 U.S. at 558).  A complaint does not need detailed factual allegations to

survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting Twombly, 550 U.S. at 555).  Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

**Allegations**

Plaintiff alleged that the Secretary of the Department of Corrections implemented a policy which required that medical treatments for prisoners be approved first by the Department's medical administrator.  ECF No. 7 at 3.  Plaintiff asserts that he was under the care of several physicians who requested medical treatment for Plaintiff numerous times.  *Id.*  The requests were denied by the medical administrator.  *Id.*  Plaintiff asserts that he had been diagnosed with the Hepatitis C Virus ("HCV") and has suffered damage to his liver and other internal organs because he was not provided treatment.  *Id.*  Plaintiff contends that he was denied medical care

Case 4:18-cv-00286-RH-CAS    Document 21    Filed 05/23/19    Page 5 of 10

Page 5 of 10


for HCV in violation of his Eighth Amendment rights and he seeks compensatory and punitive damages from the Defendant. *Id.* at 4.

## Motion to Dismiss

Defendant Inch asserts Eleventh Amendment immunity as a defense to Plaintiff's request for monetary damages. ECF No. 15 at 4. Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky, 473 U.S. at 169, 105 S. Ct. at 3107 (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). That "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky, 473 U.S. at 169, 105 S. Ct. at 3107; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).

The first two exceptions to Eleventh Amendment immunity are through waivers of sovereign immunity. *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th

Cir. 1986).  Waiver may be either by the State or Congress may override a

state's immunity pursuant to its power under § 5 of the Fourteenth

Amendment.  Florida Prepaid Postsecondary Educ. Expense Bd. v.

College Sav. Bank, 527 U.S. 627, 119 S. Ct. 2199, 2205-06, 144 L. Ed. 2d

575 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55, 116 S. Ct.

1114, 1124, 134 L. Ed. 2d 252 (1996).  "But absent waiver or valid

abrogation, federal courts may not entertain a private person's suit against

a State."  Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247,

254, 131 S. Ct. 1632, 1638, 179 L. Ed. 2d 675 (2011).  Congress did not

abrogate a state's immunity when enacting § 1983, Quern v. Jordan, 440

U.S. 332, 99 S.Ct. 1139, 59 L. Ed. 2d 358 (1979); Edelman v. Jordan, 415

U.S. 651, 94 S.Ct. 1347, 39 L. Ed. 2d 662 (1974), nor has Florida waived

its immunity and consented to suit in federal court under § 1983.  Gamble,

779 F.2d at 1520.

    A third exception is through Ex parte Young, 209 U.S. 123, 28 S.Ct.

441, 52 L. Ed. 714 (1908).  Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S.

261, 269, 117 S.Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that

prospective relief may be sought against a state official in federal court).

Sandoval v. Hagan, 197 F.3d 484, 492 (11th Cir. 1999) (citing Summit

Med. Assoc. v. Pryor, 180 F.3d 1326, 1336-38 (11th Cir. 1999).  The Ex
parte Young exception holds that a state official who enforces state law
which conflicts with the superior authority of the federal Constitution is
"stripped of his official or representative character and is subjected in his
person to the consequences of his individual conduct."  Stewart, 563 U.S.
at 254, 131 S. Ct. at 1638.

Determining whether this exception applies requires answering a
"straightforward inquiry into whether [the] complaint alleges an ongoing
violation of federal law and seeks relief properly characterized as
prospective."  563 U.S. at 255, 131 S. Ct. at 1639 (citations omitted).  Here,
Plaintiff has not made a request for prospective injunctive relief, not could
he.  Plaintiff is no longer incarcerated and would not benefit from any relief
requested, had he done so.  Plaintiff's complaint is based on factual
allegations which occurred prior to his release from custody in April 2018,
see ECF No. 7 at 3, and there are no allegations of ongoing issues.
Accordingly, Defendant's motion to dismiss this case pursuant to Eleventh
Amendment immunity should be granted and this case dismissed.
Averhart v. Warden, 590 F. App'x 873, 875 (11th Cir. 2014) (citing Hale v.
Tallapoosa Cnty., 50 F.3d 1579, 1582-83 (11th Cir. 1995) and noting that

"[a] prison official's failure to prevent inmate-on-inmate violence may

constitute deliberate indifference, if the prison official knew there was a

substantial risk of serious harm and then knowingly or recklessly

disregarded that risk.").

In light of this conclusion, it is unnecessary to address Defendant's

argument that Plaintiff's complaint is a shotgun pleading, *see* ECF No. 15

at 4-5, that Plaintiff did not make a "specific claim of physical injury" and is

"not entitled to compensatory or punitive damages" pursuant to 42 U.S.C.

§ 1997e(e), *id.* at 6, or that the complaint does not sufficiently state an

Eighth Amendment claim. *Id.* at 7.  Although unnecessary, several of those

arguments should be eliminated.  First, Plaintiff filed this case as a former

prisoner and, thus, § 1997e(e) is not applicable.  Harris v. Garner, 216 F.3d

970, 979-80 (11th Cir. 2000) (finding that "[b]ecause section 1997e(e)

applies only to claims filed while an inmate is confined, it does not prevent

a former prisoner from filing after release a monetary damages claim for

mental and emotional injury suffered while confined, without a prior

showing of physical injury").  Second, although Defendant explains the four

types of "shotgun pleadings," *see* ECF No. 15 at 4-5, Defendant does not

assert why *this* Plaintiff's complaint is a "shotgun pleading."

Case No. 4:18cv286-RH/CAS

Finally, Plaintiff's pro se complaint is not a model for asserting an Eighth Amendment claim. *See* ECF No. 7. However, it is clear enough to understand that Plaintiff has alleged that Defendant implemented a policy which denied him medical treatment for HCV, notwithstanding that such treatment was recommended "numerous times" by Plaintiff's doctors. Plaintiff's response to the motion to dismiss also clarifies that budgetary constraints resulted in a denial of treatment. ECF No. 19 at 3. Therefore, this is not a case in which a prisoner simply disagrees with a doctor's recommendation for treatment. Treatment was ordered by his doctors, but denied by an administrator due to "department policy." *Id.* at 3. In the wake of Hoffer v. Jones, it is impossible to ignore that inmates in the Florida Department of Corrections have been "dying from HCV because they were not being treated" and they were not being treated "because of a lack of funding." Hoffer v. Jones, 290 F. Supp. 3d 1292, 1298 (N.D. Fla. 2017) (concluding "there is no question that Defendant has been deliberately indifferent [to] the serious medical needs of" HCV-infected inmates). Nevertheless, Plaintiff's case cannot go forward. Defendant is entitled to Eleventh Amendment immunity and the motion to dismiss, ECF No. 15, should be granted.

Case No. 4:18cv286-RH/CAS

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that

Defendant's motion to dismiss, ECF No. 15, be **GRANTED** and this

Plaintiff's amended complaint, ECF No. 7, be **DISMISSED** pursuant to the

Defendant's Eleventh Amendment immunity.

**IN CHAMBERS** at Tallahassee, Florida, on May 23, 2019.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**